IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60032
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROGER CRAFT, also known as Sealed
Defendant 7, also known as ROGERS CRAFT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:97-CR-20-7
--------------------
February 22, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Rogers Craft argues that the admission of the testimony of
his coconspirators and other convicted felons violated 18 U.S.C.
§ 201(c)(2) because the Government promised the witnesses
leniency at their sentencings in return for their cooperation.
This argument is foreclosed by the court's decision in United
States v. Haese, 162 F.3d 359, 366-68 (5th Cir. 1998), cert.
denied, 119 S. Ct. 1795 (1999), as appellant concedes.  This
issue is frivolous.

     Craft also argues that the district court erred in denying

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his motion for a judgment of acquittal because the verdict was against the overwhelming credible evidence presented at trial.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Craft was engaged in a conspiracy to possess cocaine with the intent to distribute. The testimony of his coconspirators and other witnesses that they supplied or purchased large amounts of cocaine for street distribution from Craft was corroborated by Craft's phone records, by Craft's inconsistent statements given to law enforcement agents when he was found in possession of a large amount of cash in an airport, and by the evidence that a drug dog alerted to the cash. The district court did not err in denying the motion for a judgment of acquittal.

Craft argues that the amount of drugs attributed to him for sentencing purposes was based on grossly incorrect information contained in the presentence report (PSR). He argues that he challenged the information in the PSR and that the Government's proof presented at the sentencing hearing was suspect.

Craft has not provided the court with the transcript of his sentencing hearing. Craft had the responsibility to provide this court with the portions of the record relevant for the determination of his appeal. Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992). Because Craft has failed to provide a record of the sentencing hearing, this court declines to review his challenge to his sentence. See United States v. Hinojosa, 958 F.2d 624, 632-33 (5th Cir. 1992).

AFFIRMED.